UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HARVEL THOMAS,

                              Petitioner,

                                                                      Case # 18-CV-6870-FPG

v.

                                                                         DECISION AND ORDER

MATTHEW G. WHITAKER, Attorney General
of the United states, et al.,

                              Respondents.

## INTRODUCTION

*Pro se* Petitioner Harvel Thomas, a civil immigration detainee detained at the Buffalo Federal Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He claims that his continued detention is unlawful under the Immigration and Nationality Act ("INA") and is unconstitutional. The government has filed a motion to dismiss, arguing that the petition is premature. ECF No. 8. For the following reasons, the petition is DISMISSED WITHOUT PREJUDICE, and the government's motion to dismiss is DENIED AS MOOT.

## BACKGROUND

The following facts are drawn from the record. Thomas is a citizen and native of Jamaica. He claims to have entered the United States in 1992, but the circumstances of his entry are unclear from the record. In December 2016, Thomas was placed in immigration removal proceedings on the basis that he was present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). In June 2017, Thomas's immigration case was administratively closed because he was placed in criminal custody in New York. On August 28, 2017, the Department of

Homeland Security ("DHS") took Thomas into immigration custody, determining that he would be detained during his removal proceedings. On August 30, Thomas requested that his custody determination be reviewed by an immigration judge.

On December 7, 2017, DHS added new claims as bases for Thomas's removal, namely, that he had been convicted of a controlled-substance offense and had been convicted of a crime of moral turpitude. Thomas had previously been convicted of possession of marijuana and offering a false instrument for filing. ECF No. 8-3 at 7. On January 24, 2018, an immigration judge reviewed Thomas's custody and denied his request for a change in custody, finding that Thomas posed a risk of danger to the community and a risk of flight. *Id.* at 6. The factual basis for this determination is not apparent from the record. However, it appears that the immigration judge conducted this hearing pursuant to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015). *See* ECF No. 8-2 ¶ 11.[1] Under *Lora*, immigration authorities were required to provide immigrants detained under 8 U.S.C. § 1226(c) "a bail hearing before an immigration judge within six months of [their] detention." *Lora*, 804 F.3d at 616. In addition, immigrants were entitled to bail "unless the government establishe[d] by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community."[2] *Id.*

On August 1, 2018, an immigration judge ordered Thomas removed and denied his applications for relief from removal. Thomas filed this action in December 2018.

On January 18, 2019, the Board of Immigration Appeals dismissed Thomas's appeal. Thomas appealed to the Second Circuit, where his case remains pending. Thomas also has a

---

[1] In the heading of the custody-determination order, the Immigration Judge added the notation "LORA," from which it may be inferred that the hearing was conducted pursuant to that case. ECF No. 8-3 at 6.

[2] In March 2018—after Thomas's custody redetermination—the Supreme Court vacated *Lora* in light of its decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). *See Shanahan v. Lora*, 138 S. Ct. 1260 (2018).

pending motion for a stay of removal before the Second Circuit. The government indicates that, because Thomas filed a motion for a stay of removal, DHS is "prevented from executing the . . . order of removal . . . due to a forbearance agreement between DHS and the Second Circuit." ECF No. 8-2 ¶ 15.

In short, Thomas has been detained by immigration authorities for approximately nineteen months in total, and for approximately fourteen months since his last custody review.

## DISCUSSION

In his petition, Thomas argued that he is being detained under 8 U.S.C. § 1231 and that his continued detention is statutorily and constitutionally unlawful because there is no likelihood of removal in the reasonably foreseeable future. ECF No. 1. Section 1231 governs the detention of aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). The government agrees with the premise of Thomas's petition—that he is being detained under Section 1231—and moves to dismiss on the basis that his petition is premature. ECF No. 8.

However, in the course of motion practice, Thomas changed positions, and he now contends that he is being held under Section 1226, not Section 1231. Section 1226 governs the detention of aliens whose removal proceedings are ongoing. *See* 8 U.S.C. § 1226(a), (c); *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). The distinction is material, as the standard governing the legality of continued detention differs depending on the provision under which the alien is being detained.

Thus, the Court is faced with two threshold issues. First, which provision presently governs Thomas's detention? Second, if Section 1226 governs, how should the Court proceed to resolve Thomas's petition, which is grounded in Section 1231?

The Court concludes that Section 1226 governs Thomas's detention. The Court further concludes that, to give full and fair consideration to Thomas's new arguments, the better course is to dismiss Thomas's petition and permit him to file an amended petition so that he may raise his claims under Section 1226. This will also allow the government to directly answer Thomas's claims and provide supporting evidence to that effect.

By way of background, the INA delineates the circumstances in which immigration authorities may detain aliens subject to removal. Section 1226 gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria*, 891 F.3d at 57. The default rule is that officials may release aliens on bond or conditional parole while removal proceedings are pending. *See Jennings*, 138 S. Ct. at 837. "Section 1226(c), however, carves out a statutory category of aliens who may *not* be released . . . ." *Id.* This includes aliens, like Thomas, who are inadmissible because they have committed a controlled-substance offense. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). By its plain terms, Section 1226(c) "mandates detention of any alien falling within its scope" and does not contemplate periodic bond hearings for said aliens. *Jennings*, 138 S. Ct. at 842, 847.

By contrast, Section 1231 "addresses immigrants in the 'removal period,' the term used in the statute to describe the 90-day period following an order of removal during which" immigration authorities must remove the alien. *Hechavarria*, 891 F.3d at 54. The removal period starts on the latest of the following:

(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

4

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Relying on the language in subparagraph (ii), the Second Circuit concluded that "Section 1231 does not govern the detention of immigrants whose removal has been stayed pending judicial review [in the court of appeals]." *Hechavarria*, 891 F.3d at 56. Rather, because judicial review is ongoing and "removal is not inevitable," section 1226 governs the detention of those aliens. *Id.*

*Hechavarria* applies to this case: Thomas's order of removal is the subject of judicial review at the Second Circuit and he has a pending motion for a stay of removal before that court. To be sure, the Second Circuit has not yet *granted* Thomas's motion to stay removal, but that fact does not change the Court's analysis. As the government concedes, under its forbearance agreement with the Second Circuit, Thomas may not be removed while his motion to stay is pending. *See* ECF No. 8-2 ¶ 15; *see Sankara v. Whitaker*, No. 18-CV-1066, 2019 WL 266462, at *4 (W.D.N.Y. Jan. 18, 2019) (discussing policy). In light of Thomas's pending appeal and motion to stay, combined with the government's forbearance policy, Thomas is not "immediately deportable" and his removal is "not inevitable." *Hechavarria*, 891 F.3d at 56-57. Consequently, he is being detained under Section 1226, not Section 1231. *Accord Sankara*, 2019 WL 266462, at *4-5 (collecting cases). *But see Anariba v. Shanahan*, 190 F. Supp. 3d 344, 349 (S.D.N.Y. 2016) (noting that district courts in the Second Circuit are split on issue).

Because Section 1226 applies, Thomas's petition—as it is presently written—fails. All of the claims that Thomas raises are grounded in arguments that pertain to detention under Section 1231. *See* ECF No. 1 at 6-8. While Thomas responds to the motion to dismiss with arguments challenging the lawfulness of his detention under Section 1226, *see* ECF No. 9, that is not the proper way to raise such claims. *See, e.g.*, *Tyus v. Newton*, No. 13-CV-1486, 2015 WL 1471643,

at *5 (D. Conn. Mar. 31, 2015) (stating that a plaintiff may not amend his complaint "in a memorandum in opposition to a motion to dismiss"). Instead, Thomas must amend his petition to raise those claims. Moreover, as a practical matter, there is little in the way of allegations or evidence concerning the adequacy of Thomas's January 2018 custody review. Further briefing will therefore assist the Court in resolving Thomas's new claims.

Accordingly, because Thomas is not being detained under Section 1231, the claims in his petition fail as a matter of law. His petition is dismissed, but the Court will give Thomas an opportunity to file an amended petition so that he can raise his claims challenging the lawfulness of his detention under Section 1226.

## CONCLUSION

For the reasons discussed above, the petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Thomas has until May 17, 2019 to submit an amended petition. By June 17, 2019, Respondents shall file and serve an answer and memorandum of law responding to the allegations in the amended petition. Thomas may file a reply to Respondents' answer and memorandum of law by July 1, 2019. If Thomas does not file an amended petition by May 17, 2019, the Clerk of Court is directed to enter judgment and close this case without further order.

Because the petition is dismissed, Respondents' motion to dismiss (ECF No. 8) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 16, 2019
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court